**DEMBO, BROWN & BURNS LLP**
Kyle F. Eingorn, Esquire
1300 Route 73, Suite 205
Mount Laurel, NJ 08054
E-mail: keingorn@dbblegal.com
(856)354-8866
Attorney for Creditor, McCormick 105, LLC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SANDRA J. MAY,<br><br>Debtor. | CHAPTER 13<br><br>Case No.: 19-27812-JNP<br><br>Hearing Date: March 4, 2020<br><br>The Honorable Jerrold N. Poslusny, U.S.B.J. |

**OBJECTION OF McCORMICK 105, LLC TO CONFIRMATION**
**OF DEBTORS' MODIFIED CHAPTER 13 PLAN**

McCormick 105, LLC (the "Lender"), by and through its undersigned counsel, hereby respectfully objects to the Confirmation of Debtor's Modified Chapter 13 Plan (the "Plan") [Doc 37]:

**FACTUAL BACKGROUND**

The Lender incorporates herein by reference, the factual recitation as set forth in the Objection to Confirmation [Doc 24], as if more fully set forth herein at length.

**LEGAL ARGUMENT**

The Debtor's Modified Plan [Doc 37] provides for the payment of $680.00 per month for sixty (60) months and for the sale of the Lender's collateral real property located at 590 Livezy Street, Philadelphia, PA 19128 (the "Property"). The sale is to occur by April 30, 2020. Id. The Debtor's motivation behind the Modified Plan is set forth in her Opposition [Doc 36] to the

1

Motion for Relief from the Automatic Stay that was filed by the Lender. There, the Debtor admitted that she believes that she will pocket $10,000.00 for herself from the sale.

As set forth below, the Debtor's Modified Plan violates 11 U.S.C. §1325(a)(4),(5) and (6), as the Debtor cannot demonstrate the ability to make all payments required by the Modified Plan, as the Debtor's Modified Plan fails to address certain secured claims, and as the Modified Plan fails to pay unsecured creditors the liquidation value of the estate.

First, the Debtor's Modified Plan violates 11 U.S.C. §1325(a)(6). The Debtor's Schedules indicate that she receives $1,900.00 per month in rent from the Property and that her mortgage payment on the Property is $1,800.00 per month. As such, upon sale of the Property, the Debtor's disposable income (listed at $681.00 per month [Doc 16 at p. 31]) will be reduced and the Debtor will no longer have the financial capacity to support the Modified Plan.

In addition, the sale of the Property is entirely speculative. The Debtor has failed to support her proposal with any empirical evidence, including but not limited to appraisals, formal offers for the purchase of the Property, contracts to sell the Property, or even an application to retain a real estate broker.

As such, the Debtor's Plan does not comply with 11 U.S.C. §1325(a)(6), which requires that "the debtor will be able to make all payments under the plan and to comply with the plan." To that end, in order for the Bankruptcy Court to confirm a Chapter 13 plan of reorganization, it must satisfy itself that the debtor has met all the confirmation requirements of Section 1325(a). "To satisfy the feasibility requirement, a debtor's plan must have a reasonable likelihood of success, and the debtor must be able **to demonstrate that she has both the present and future capacity to meet the requirements of the proposed plan.**" Austin v. Bankowski, 519 B.R. 559, 566 (D. Mass. 2014) (internal citations omitted and emphasis added) *see also* In re Heck, 355

B.R. 813, 823–25 (Bankr.D.Kan.2006) (holding that the debtor's plan was not feasible because she did not have sufficient income to make all payments under the plan). "[G]enerally, a debtor bears the burden of proving that a Chapter 13 plan is feasible. In re Stonier, 417 B.R. 702, 707 (Bankr. M.D. Pa. 2009) (citing In re LaFata, 483 F.3d 13, 23 (1st Cir.2007); In re Newton, 217 B.R. 1002, 1004 (Bankr.S.D.Ohio 1997)). Despite the requirements of the Bankruptcy Code, it is evident that the Debtor cannot prove the ability to comply with the terms of her own Modified Plan as the sale of the Property is not feasible and even if it was, such a sale would leave the Debtor without the income necessary to make the monthly plan payments.

Moreover, the Debtor's Modified Plan also violates 11 U.S.C. §1325(a)(5), which requires that the Debtor either surrender the collateral or pay the secured position of the creditor. Here, the Debtor simply ignores the secured position of McCormick 106, LLC as outlined in its objection to confirmation [Doc 28].

Lastly, the Debtor's intent to sell the rental Property and to net the sum of $10,000.00 for herself, violates 11 U.S.C. §1325(a)(4). Pursuant to §1325(a)(4), the Debtor is required to pay to unsecured claimants the amount that would be paid through a Chapter 7 liquidation. To that end, there remains $13,343.47 in equity in the Debtor's residence, which she is required to pay to unsecured creditors through the plan.

Accordingly, the Court must deny confirmation of the Debtor's Modified Plan as the Modified Plan is not feasible and as it violates prevailing bankruptcy law.

WHEREFORE, McCormick 105, LLC respectfully request that confirmation of Debtor's Chapter 13 Plan of Reorganization be denied.

Respectfully submitted,
**DEMBO, BROWN & BURNS LLP**
Attorneys for McCormick 105, LLC


By: */s/Kyle F. Eingorn*
     Kyle F. Eingorn, Esquire

Dated: February 21, 2020

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
|---|---|
| DEMBO, BROWN & BURNS LLP<br>Kyle F. Eingorn, Esquire<br>1300 Route 73, Suite 205<br>Mount Laurel, New Jersey 08054<br>Email: keingorn@dbblegal.com<br>856-354-8866 | |
| In Re:<br><br>SANDRA J. MAY | Case No.: 19-27812-JNP<br><br>Chapter: 13<br><br>Adv. No.:<br><br>Hearing Date: March 4, 2020<br><br>Judge: Jerrold N. Poslusny, U.S.B.J. |

## CERTIFICATION OF SERVICE

1. I, <u>Nicole A. Vogel</u>:

   ☐ represent the _____ in the above-captioned matter.

   ☒ am the secretary for <u>Kyle F. Eingorn, Esquire</u>, who represents the <u>Creditor, McCormick 105, LLC</u> in the above-captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On 2/24/2020, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

   **Objection to Confirmation of Debtor's Modified Chapter 13 Plan and Certificate of Service**

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: 2/24/2020

Signature: _/s/ Nicole A. Vogel_

1

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Sandra J. May<br>9 Brandywine Court<br>Egg Harbor Township, NJ 08234 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| Eric Clayman, Esquire<br>Jenkins & Clayman<br>412 White Horse Pike<br>Audubon, NJ 08106 | Debtor's counsel | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| Isabel C. Balboa<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>535 Route 38, Suite 580<br>Cherry Hill, NJ 080002 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |