**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:    Sandra J. May

Case No.: 19-27812

Judge: JNP

Debtor(s)

### Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 05/05/2020

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___EJC___    Initial Debtor: ___SJM___    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____680_____ per _____month_____ to the Chapter 13 Trustee, starting on _____October, 2019_____ for approximately_____60_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

   ☒    Future earnings

   ☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

   ☐ Sale of real property
   Description:
   Proposed date for completion: _____

   ☐ Refinance of real property:
   Description:
   Proposed date for completion: _____

   ☐ Loan modification with respect to mortgage encumbering property:
   Description:
   Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:   Adequate Protection ☒ NONE**

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 4,065 plus all other court approved fees and costs |
| ~~DOMESTIC SUPPORT OBLIGATION~~ | | |
| Internal Revenue Service | 2016 - 2018 income tax | $16,937 |
| NJ Division of Taxation | 2016 - 2018 income tax | $300 |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Jersey Shore FCU | Residence | $1,000 | N/A | $1,000 | Resume 9/27/2019 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments   ☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Utility Employees FCU | Kia | $10,800 | $9,000 | N/A | $9,000 | 5.5% Till rate paid by Ch. 13 Trustee in first 36 mo of Plan | $9,783 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender   ☐ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| McCormick 106, LLC & PNC Bank, N.A. | 590 Livezey Street Philadelphia, PA* | $219,000 - $275,000 | To be determined |

\*Debtor reserves the right to continue to market and sell this property. She does realize that stay relief will be granted to secured creditors, however she is hopeful she can sell the property to satisfy all lien holders.

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5:  Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _____0_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|   |   |   |   |   |

## Part 7:    Motions  ☐ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |   |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Utility Employees FCU | Kia | $10,800 | $9,000 | $9,783 | Any remaining balance due |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Jenkins & Clayman
3) Utility Employees FCU (to be paid in first 36 mo of Plan by Trustee)
4) IRS and State of New Jersey Division of Taxation

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 12/17/2020.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor will continue to market and sell Philadelphia property but grant stay relief to secured creditors. | Same |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 05/05/2020 /s/ Sandra J. May
Debtor

Date: _____ _____
Joint Debtor

Date: 05/05/2020 /s/ Eric J Clayman
Attorney for Debtor(s)

```
                          United States Bankruptcy Court
                                District of New Jersey

In re:                                                       Case No. 19-27812-JNP
Sandra J. May                                                Chapter 13
        Debtor              CERTIFICATE OF NOTICE

District/off: 0312-1           User: admin                Page 1 of 2                  Date Rcvd: May 07, 2020
                               Form ID: pdf901            Total Noticed: 46


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 09, 2020.
db             +Sandra J. May,    9 Brandywine Court,    Egg Harbor Township, NJ 08234-4882
cr             +CONSUMER DEPARTMENT PNC BANK, NATIONAL ASSOCIATION,      PO BOX 94982,    CLEVELAND, OH 44101-4982
cr             +JERSEY SHORE FEDERAL CREDIT UNION,    c/o Saldutti Law Group,
                 800 North Kings Highway Suite 300,    Cherry Hill, NJ 08034-1511
cr             +McCormick 105, LLC,    c/o Dembo, Brown & Burns LLP,    1300 Route 73, Suite 205,
                 Mount Laurel, NJ 08054-2200
cr             +McCormick 106, LLC,    c/o Dembo, Brown & Burns LLP,    1300 Route 73,    Suite 205,
                 Mount Laurel, NJ 08054-2200
518465771       American Express,    PO Box 1270,    Newark, NJ 07101-1270
518465770       American Express,    PO Box 981537,    El Paso, TX 79998-1537
518511922       American Express National Bank,     c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern  PA 19355-0701
518465772       Bacharach Institute Rehab,    61 West Jimmie Leeds Road,    PO Box 723,    Pomona, NJ 08240-0723
518465773       Barclays Bank Delaware,    PO Box 8803,    Wilmington, DE 19899-8803
518465776       Carowinds,    300 Carowinds Boulevard,    Charlotte, NC 28273
518465779      +Fedloan Servicing,    PO BOX 60610,    Harrisburg, PA 17106-0610
518465780       Infections Limited East, P.C.,    2106 New Road, Suite F1,    Linwood, NJ 08221-1053
518593796      +Jersey Shore Federal Credit Union,     c/o Saldutti Law Group,    800 Kings Highway N., Suite 300,
                 Cherry Hill, NJ 08034-1511
518465782      +Jersey Shore Federal Credit Union,     Hamilton Mall,    4403 Black Horse Pike #2075,
                 Mays Landing, NJ 08330-3178
518465783       Labcorp Holdings,    PO Box 2240,    Burlington, NC 27216-2240
518465784      +Laurel J. Lawson, MSW,    2307 West Cone Blvd., #208,    Greensboro, NC 27408-4065
518465786      +McCormick 105, LLC,    c/o BSI Financial Services,    11350 McCormick Road, Suite 902,
                 Hunt Valley, MD 21031-1002
518465785      +McCormick 105, LLC,    JSDC Law Offices, Kimberly Bonner, Esq.,    11 East Chocolate Avenue,
                 Suite 300,    Hershey, PA 17033-1320
518465787      +McCormick 105, LLC,    PO Box 1611,    Cockeysville, MD 21030-7611
518465789      +McCormick 106, LLC,    c/o Dembo, Brown & Burns,    1300 Route 73, Suite 205,
                 Mount Laurel, NJ 08054-2200
518465788      +McCormick 106, LLC,    11350 McCormick Road, Suite 902,    Hunt Valley, MD 21031-1002
518465790       PNC Bank, N.A.,    PO Box 5570,    Cleveland, OH 44101-0570
518603578      +PNC Bank, National Association,    P.O. Box 94982,    Cleveland OH 44101-4982
518477087      +PNC Bank, National Association,    216 Haddon Avenue, Ste. 406,    Westmont, NJ 08108-2812
518465791      +Precision Oral Surgery, LLC,    Dental Specialty Ctr of Willingboro,
                 215 Sunset Road, Suite 308,    Willingboro, NJ 08046-1108
518521772     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court: State of New Jersey,     Division of Taxation,    PO BOX 245-Bankruptcy,
                 Trenton, NJ 08695-0272)
518465792      +Samuel Krantz, Esquire,    450 Bay Avenue,    Somers Point, NJ 08244-2656
518465794       Shore Medical Center,    PO Box 42972,    Philadelphia, PA 19101-2972
518465793      +Shore Medical Center,    c/o Nationwide Recovery Service,    545 West Inman Street,
                 Cleveland, TN 37311-1768
518465795       State of New Jersey,    Division of Taxation,    Federal/NJ State Offset Program,    PO Box 283,
                 Trenton, NJ 08646-0283
518465797      +Utilities Employees FCU,    PO Box 14864,    11 Meridian Boulevard,    Reading, PA 19610-3200

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 07 2020 23:38:22      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 07 2020 23:38:19      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
518582374       E-mail/PDF: resurgentbknotifications@resurgent.com May 07 2020 23:42:00
                 Ashley Funding Services, LLC,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
518465775       E-mail/Text: csd1clientservices@cboflanc.com May 07 2020 23:38:47
                 Bayfront Emergency Physicians,    c/o Credit Bureau of Lancaster County,    PO Box 1271,
                 Lancaster, PA 17608-1271
518465774       E-mail/Text: bankruptcydepartment@tsico.com May 07 2020 23:38:52
                 Bayfront Emergency Physicians,    c/o Transworld Systems, Inc.,    PO Box 15520,
                 Wilmington, DE 19850-5520
518465777      +E-mail/Text: megan.harper@phila.gov May 07 2020 23:38:46      City of Philadelphia,
                 Department of Revenue,    1401 John F. Kennedy Boulevard,    Philadelphia, PA 19102-1697
518465778       E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM May 07 2020 23:38:04      Comenity Bank/Lane Bryant,
                 PO Box 659728,    San Antonio, TX 78265-9728
518465781       E-mail/Text: sbse.cio.bnc.mail@irs.gov May 07 2020 23:37:50      IRS,
                 Department of the Treasury,    Cincinnati, OH 45999-0025
518568518       E-mail/Text: JCAP_BNC_Notices@jcap.com May 07 2020 23:38:33      Jefferson Capital Systems LLC,
                 Po Box 7999,    Saint Cloud Mn 56302-9617
518581581       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 07 2020 23:41:53
                 Portfolio Recovery Associates, LLC,    c/o Wyndham,    POB 41067,    Norfolk VA 23541
```

```
District/off: 0312-1          User: admin              Page 2 of 2                  Date Rcvd: May 07, 2020
                              Form ID: pdf901          Total Noticed: 46
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
518576947         E-mail/Text: bnc-quantum@quantum3group.com May 07 2020 23:38:13
                   Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA  98083-0788
518556742         E-mail/Text: paula.tilley@nrsagency.com May 07 2020 23:37:31      SHORE MEDICAL CENTER,
                   C/O NATIONWIDE RECOVERY SERVICE,    PO BOX 8005,    CLEVELAND, TN 37320-8005
518465796         E-mail/PDF: gecsedi@recoverycorp.com May 07 2020 23:43:13      Syncb/Amazon PLCC,
                   PO Box 965015,    Orlando, FL 32896-5015
518468245        +E-mail/PDF: gecsedi@recoverycorp.com May 07 2020 23:42:18      Synchrony Bank,
                   c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 14

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518515172*        American Express National Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                   Malvern  PA 19355-0701
518503130*        Internal Revenue Service,    P.O. Box 7346,    Philadelphia PA 19101-7346
518503131*       +Internal Revenue Service,    P.O. Box 7317,    Philadelphia PA 19101-7317
                                                                                              TOTALS: 0, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 09, 2020                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 5, 2020 at the address(es) listed below:
              Christian  Del Toro    on behalf of Creditor    PNC Bank, National Association
               cdeltoro@martonelaw.com,    bky@martonelaw.com
              Christian  Del Toro    on behalf of Creditor CONSUMER DEPARTMENT   PNC BANK, NATIONAL ASSOCIATION
               cdeltoro@martonelaw.com,    bky@martonelaw.com
              Denise E. Carlon    on behalf of Creditor    PNC Bank, National Association dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Eric  Clayman    on behalf of Defendant Sandra J. May jenkins.clayman@verizon.net,
               connor@jenkinsclayman.com
              Eric  Clayman    on behalf of Debtor Sandra J. May jenkins.clayman@verizon.net,
               connor@jenkinsclayman.com
              Frank J Martone    on behalf of Creditor CONSUMER DEPARTMENT   PNC BANK, NATIONAL ASSOCIATION
               bky@martonelaw.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa     ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
              Kevin Gordon McDonald    on behalf of Creditor    PNC Bank, National Association
               kmcdonald@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Kyle Francis Eingorn    on behalf of Creditor    McCormick 106, LLC keingorn@dbblegal.com
              Kyle Francis Eingorn    on behalf of Creditor    McCormick 105, LLC keingorn@dbblegal.com
              Kyle Francis Eingorn    on behalf of Plaintiff    McCormick 106, LLC keingorn@dbblegal.com
              Michael E. Brown    on behalf of Creditor    McCormick 106, LLC mbrown@dbblegal.com
              Michael E. Brown    on behalf of Creditor    McCormick 105, LLC mbrown@dbblegal.com
              Rebecca K. McDowell    on behalf of Creditor    JERSEY SHORE FEDERAL CREDIT UNION
               rmcdowell@slgcollect.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 16
```