# JENKINS & CLAYMAN

| | ATTORNEYS AT LAW | BRANCH OFFICES |
|---|---|---|
| JEFFREY E. JENKINS *✧ | 412 WHITE HORSE PIKE | (BY APPOINTMENT ONLY) |
| ERIC J CLAYMAN ○ | AUDUBON, N.J. 08106 | 1675 ROUTE 533, SUITE 102 |
| STEPHANIE F. RITIGSTEIN ✧ | (856) 546-9696 | TRENTON/HAMILTON, N.J. 08619 |
| RHONDI LYNN SCHWARTZ○ | FAX (856) 546-7013 | 1125 ATLANTIC AVE., SUITE 536 ATLANTIC CITY, N.J. 08401 |
| | EMAIL: jenkins.clayman@verizon.net | 120 N. EIGHTH STREET VINELAND, N.J. 08360 |
| * BOARD CERTIFIED-CONSUMER BANKRUPTCY LAW-AMERICAN BOARD OF CERTIFICATION APPROVED BY THE AMERICAN BAR ASSOCIATION ✧ADMITTED TO PA & NJ BARS ○ADMITTED TO NJ BAR | | 645 HIGHWAY 18, SUITE 117 B EAST BRUNSWICK, N.J. 08616 |

August 28, 2020

Honorable Jerrold N. Poslusny, Jr., U.S.B.J.
400 Cooper Street, 4th Floor
Camden, NJ 08101
*Sent via electronic mail only to:* chambers_of_jnp@njb.uscourts.gov

    re:    Sandra J. May
           Chapter 13 Case No.: 19-27812/JNP
           Response to Objection of McCormick 106, LLC to Confirmation of Debtor's Modified Plan
           Hearing Date: September 2, 2020
           If it cannot be resolved prior to the confirmation hearing, we will seek an adjournment to remodify the plan

Dear Judge Poslusny,

      Our office is in receipt of an objection filed by creditor McCormick 106, LLC to the confirmation of the Debtor's Chapter 13 plan.

      McCormick's main objection appears to be that the Debtor has undervalued her residence and as a result, McCormick, which has a judicial lien against the residence, should be paid more through the Chapter 13 plan. As a result, McCormick seeks plenary consideration as to the value of the Debtor's residence which will no doubt require the Debtor to retain the services of an appraiser and to incur, in addition to the significant appraiser fees, significant legal fees relating to the preparation and prosecution of a contested valuation hearing.

      The related judgment is non-dischargeable and will eventually have to be repaid to the creditor. With this in mind, it seems counterproductive for the Debtor to incur all of these administrative expenses.

      I have begun preliminary discussions with a mortgage lender and the Debtor and I may decide that one final modified plan is appropriate which will call for a refinance of the property to occur within the 60-month length of the plan so that the McCormick judgment creditor will be paid in full. I apologize to be repetitive, but absent such a plan, I can envision this case going on

for months and months further and the legal fees and costs, as well as the appraisal fees and costs, to be unjustified.

Finally, with regards to the Paragraph 28 of the objection, we believe that this portion of the objection should be summarily denied.

Our office is aware of no cases wherein a Debtor offers to surrender property to a creditor and then a related creditor asks for a dividend to be paid to unsecured creditors because the surrendered property is under-secured. In other words, if McCormick truly believes there is equity in Debtor's Philadelphia property which she has surrendered (which she has offered to surrender to one of the McCormick entities), then this related McCormick entity could simply sell the property. The Debtor is willing to sign a deed to transfer ownership to this McCormick entity.

By copy of this correspondence, I am inviting Mr. Eingorn to contact me by telephone before September 2, 2020 to see if we may discuss an amicable resolution of this matter and I am also serving a copy of this letter upon the Chapter 13 Trustee and the Debtor. I am also attaching this letter to a formal adjournment request being filed with the Chapter 13 Trustee's office.

Thank you for your kind consideration.

Respectfully yours,

*/s/ Eric J Clayman*

Eric J Clayman

EJC/kf

cc: Sandra May (sanj98@comcast.net)
Kyle Eingorn, Esquire (keingorn@dbblegal.com)
Isabel C. Balboa (ktalley@standingtrustee.com)