**JENKINS & CLAYMAN**
Eric J Clayman, Esquire
412 White Horse Pike
Audubon, New Jersey 08106
(856) 546-9696
Attorney for Debtor

| | |
|---|---|
| IN THE MATTER OF: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| Sandra J. May | CHAPTER 13 CASE NO.  19-27812 JNP |
| Debtor | BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM THE STAY |
| | HEARING DATE:   DECEMBER 8, 2020 AT 11:00 AM |

## I. STATEMENT OF FACTS

The Debtor, Sandra J. May and her 16-year-old son reside at 9 Brandywine Court, Egg Harbor Township, New Jersey. Ms. May values her home at $149,500.00. Her residence is subject to a first mortgage lien in favor of Jersey Shore Federal Credit Union. The Chapter 13 bankruptcy petition was filed on September 18, 2019 and as of that date, the balance due on this first mortgage was $110,903.98. Debtor is current with her post-petition monthly mortgage payment and as a result, the balance on this mortgage has been reduced.

McCormick 106, LLC is the creditor who has filed this motion for relief from the stay. This creditor asserts a judicial lien against Debtor's residence and a balance due of $52,181.19 and the judgment has been declared nondischargeable by this Court. Ms. May's Chapter 13 plan calls for payment in full on this judgment even though the judgment is not fully secured based upon the present value of the Debtor's home and the balance due the first mortgage holder. The creditor is protected by its judicial lien and the order that the debt is not dischargeable and by the facts of this case which indicate that Ms. May is current with her post-petition mortgage payment continuing to reduce the balance due on the mortgage and continuing to carve out more equity for Movant's lien to attach. Ms. May has engaged Princeton Mortgage in order to refinance her residence to payoff

her first mortgage and to payoff movant's lien. She has been advised that the best course is to wait until her bankruptcy plan has lasted 36 months so that she can pay off her entire bankruptcy plan with the refinance.

While this is occurring, Debtor has also been contacted by McCormick 105, LLC which is represented by the same counsel. Debtor has rejected residential leases which run with the property located at 590 Livezey Street, Philadelphia, Pennsylvania. Debtor was the landlord. An assignment of rents is in favor of McCormick 105, LLC. Counsel for McCormick 106, LLC, in an effort to pressure Debtor both financially and emotionally has confirmed that despite collecting rent it will make no repairs on this property and expects Debtor to make the repairs or face the consequences of the Department of Licenses and Inspections – City of Philadelphia.

## II. LEGAL ARGUMENT

Movant comes before the Court seeking relief from the stay asserting that its position is not adequately protected and further asserting "the property is not necessary for an effective reorganization as required by §362(d)(2)." [Brief at 5] Movant has presented a Brief without a case (or any other authority) for its proposition that in a Chapter 13 case, a creditor with a judicial lien may obtain relief from the stay to payoff a mortgage lien to remove a Debtor and her family from their home.

Movant's argument fails.

First, the creditor is adequately protected. Ms. May continues to make monthly mortgage payments to reduce principal and interest on the first mortgage lien and to pay her Trustee as well. The Bankruptcy Court has declared Movant's judgment nondischargeable so even if the creditor is not paid at the conclusion of the bankruptcy case, it will retain both its debt and its lien. Due to Ms. May's continued payments, Movant's position continues to improve as the first mortgage lien is reduced. Its position is better than it was when the bankruptcy petition was first filed. It is adequately protected.

Second, Debtor is appalled by the notion that her residence is not necessary for her effective

reorganization. It is her residence. Her 16-year old son resides with her. Courts have long recognized the necessity of maintaining a residence for effective reorganization under Chapter 13 of the bankruptcy code:

> As it concerns a debtor's residence, "most courts have held that a Chapter 13 case, a debtor's home is necessary for an effective reorganization." *In re Ramos*, 357 B.R. 669, 672 (Bankr. S.D. Fla. 2006); see also, e.g., *In re Smith*, 245 B.R. 622, 624-25 (Bankr. W.D. Mo. 2000) (finding home necessary for reorganization in Chapter 13 even though relief from stay has been granted on same property in a previous Chapter 7 case); *In re Parks*, 193 B.R. 361, 366 (Bankr. N.D. Ala. 1995) ("Nothing could be more related to an effective reorganization than the ability to keep and pay for [the debtors'] house."); *Lomas Mortg. USA, Inc. v. Elmore (In re Elmore)*, 94 B.R. 670, 677 (Bankr. C.D. Cal. 1988) ("A debtor's principal residence in a Chapter 13 case is virtually always necessary to an effective reorganization."). *In re Brown*, 606 B.R. 348, 354 (Bankr. E.D. Ark. 2019)

Courts have gone even further finding debtors' residences to be necessary for an effective reorganization even if the debtors are simply tenants:

> In addition, while the Debtor lacks any equity in the Premises because she leases it from the Housing Authority, it would be illogical to argue that the debtor's residence is not "necessary to an effective reorganization." The Court reaches this conclusion because the Debtor is a single mother raising two minor children, and they certainly need their home to complete this case. *In re Alberts*, 381 B.R. 171, 181 (Bankr. W.D. Pa. 2008)

Finally, Movant questions the feasibility of the Chapter 13 plan. Debtor has been advised that she is eligible to refinance her residence and will continue to be eligible as long as she maintains current status on her first mortgage. She seeks to wait until month 36 of her bankruptcy plan (or later) to complete this refinance and complete her Chapter 13 plan.

### III. CONCLUSIONS

For the foregoing reasons, it is respectfully requested that this Honorable Court enter an order to deny the motion for relief from the stay.

Respectfully Submitted,

JENKINS & CLAYMAN

Attorneys for Defendant

By: /s/ Eric J Clayman_____

Eric J Clayman, Esquire