# DEMBO, BROWN & BURNS LLP
### ATTORNEYS AT LAW

Leon D. Dembo*
James W. Burns*
Michael E. Brown*
—
Kyle F. Eingorn*
—
*Member NJ & PA Bar

1300 ROUTE 73
SUITE 205
MOUNT LAUREL, NEW JERSEY, 08054

December 4, 2020

via **ELECTRONIC FILING**

Telephone:
856-354-8866 Ext. 336

Direct Fax:
856-354-0971

E-Mail
KEingorn@dbblegal.com

The Honorable Jerrold N. Poslusny, U.S.B.J.
United States Bankruptcy, District of New Jersey
U.S. Post Office and Courthouse
401 Market Street
Camden, NJ 08101

    **RE:**   **In re Sandra May**
          **Case No.: 19-27812-JNP**
          **Our File No.: 12434**
          **Reply to Opposition to Motion for Relief from the Automatic Stay**
          **Hearing Date: December 8, 2020**

Dear Judge Poslusny:

This firm represents McCormick 106, LLC ("McCormick") in the above referenced matter. Kindly accept this letter brief in Reply to the Debtor, Sandra May's (the "Debtor") Opposition [Doc 82] to McCormick's Motion for Relief from the Automatic Stay (the "Motion") [Doc 80].

As the Court will recall, McCormick's non-dischargeable judgment lien (hereinafter, the "Judgment") arises out of the Debtor's intentional acts of conversion (i.e. theft) and willful property damage to real property owned by McCormick. Based upon the Debtor's acts (which included misrepresentations to Judge Sandson in order to accomplish same), the Superior Court of New Jersey entered judgment in favor of McCormick and against the Debtor in the total amount of $59,973.31. The Judgment survived the Debtor's Motion for a New Trial as well as

the Debtor's Appeal. On or about December 4, 2019, the Judgment was declared non-dischargeable [19-02189-JNP, Doc 7] and on or about March 9, 2020, the Court denied the Debtor's Motion to Vacate the Judgment of Non-Dischargeability [19-02189-JNP, Doc 12].

As set forth in McCormick's Motion and as is undisputed by the Debtor, the Judgment has attached to the Debtor's Residence as a lien based upon limited equity therein. While the amount of the equity is in dispute, based upon the Debtor's valuation of $149,500.00 [Doc 16 at p. 3][1] and the proof of claim filed by the first mortgagee, Jersey Shore Federal Credit Union $110,903.98 [Claim 15-1], as well as the Debtor's claimed exemption of $25,150.00 [Doc 70 at p. 3], there is approximately $13,446.02 in equity in the Residence to which McCormick's Judgment attaches. As such, McCormick is undisputedly a secured creditor in this Bankruptcy.

While the Debtor is correct that McCormick's lien is not derived from a mortgage, McCormick is not without rights in the Residence. Specifically, Superior Court of New Jersey Rule of Court 4:59-1(d) provides as follows:

> R. 4:59-1(d). Order of Property Subject to Execution; Required Motion. (1) Execution First Made Out of Personal Property; Motion. The execution shall be made out of the judgment debtor's personal property before the judgment-creditor may proceed to sale of the debtor's real property. If the debtor's personal property is insufficient or cannot be located, the judgment creditor shall file a motion, on notice, for an order permitting the sale of the real property. The motion, which shall not be joined with any other application for relief, shall be supported by a certification specifying in detail the actions taken by the judgment creditor to locate and proceed against personal property. The notice of motion shall state that if the motion is not successfully defended, the judgment debtor's real property will be subject to sale. The notice shall have annexed the listing of Legal Services Offices and Lawyer Referral Offices as required by R. 4:4-2. No sale of real

---

[1] As the Court will recall, the Debtor has been adamant about her valuation because she was attempting a cram-down of McCormick's secured position. She has since abandoned the cram-down and will now likely abandon her valuation as well, because it no longer benefits her.

property shall proceed unless an order granting the motion has been entered.

Here, McCormick is stayed from execution upon the Debtor's personal property and a review of her Schedule A [Doc at p. 4-9] fails to reveal non-exempt assets subject to levy and execution. As such, pursuant to R. 4:59-1, McCormick would have sufficient cause to seek the sale of the Residence by the Atlantic County Sheriff, the same as it would if it had a mortgage foreclosure judgment.

Despite these undeniable facts, the fact that the Debtor is not making payment towards the Judgment, and that the Debtor proposes a speculative plan of reorganization wherein she proposes to pay McCormick through a refinance, the Debtor has opposed McCormick's Motion. In doing so, the Debtor makes the following arguments: 1) the Residence is necessary for an effective reorganization; 2) McCormick is adequately protected; and 3) the Debtor casts aspersions as to the undersigned based upon an unrelated loan, with a separate Creditor, related to a rental property in Philadelphia. McCormick will respond to the first two arguments, in kind, below but will not address the irrelevant third argument:

1. **The Residence Is Not Necessary For An Effective Reorganization.**

It is the Debtor's position that the Residence is necessary for an effective reorganization because "[i]t is her residence… [h]er 16-year old son resides with her." In addition, the Debtor alleges that moving is "expensive and stressful." However, there is no dispute that the Debtor lacks equity in the Residence and her ability to refinance the Residence to pay the Judgment is unlikely[2] leaving her with no ability to confirm a plan of reorganization. While the Debtor cites

---

[2] As has been discussed in the context of plan confirmation, the Debtor values the Residence in the amount of $149,500.00. Generally, banks lend up to eighty percent (80%) of value. Therefore, the Debtor could potentially borrow up to $119,600.00. Assuming the Debtor refinances in month 36 of the plan, as argued, she would be six

certain cases to support her position, the cases from the neighboring district, the Eastern District of Pennsylvania paint a different picture. The Bankruptcy Court for the Eastern District of Pennsylvania in the case of In re Kehm, 90 B.R. 117, 122-123 (Bankr.E.D.Pa. 1988) did a thorough analysis of this issue. There, the Court stated:

> A broader and more appropriate statement of the law regarding homes as "necessary" property lies somewhere between the positions represented by *Gardner* and *Crompton*. These conflicting cases draw their conclusions not from significant statutory language or historical precedent, but rather from concepts of the unique role of Chapter 13 relief. Our view is less rigid. "Chapter 13 is designed to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor." Notes of Committee on the Judiciary, Sen. Rep. No. 95-989, *reprinted in Bankruptcy Code, Rules and Forms*, p. 404 (West's 1987 Rev.Ed.). That flexibility is reflected in innumerable Code sections. *See e.g.*, § 1307 (broad power to convert or have case dismissed); § 1322(b)(3) (proposed plan may provide for curing or waiving of default); § 1322(b)(5) (even the homeowner without equity is given a chance to cure defaults). Because of the many options available to a debtor, the treatment of property cannot be consistent in each case; too many variables exist. Thus, it is unrealistic to state that the debtor's principle residence will or will not meet the § 362(d)(2)(B) "necessary" test in all cases. We think that the appropriate approach to these cases is one which we have employed in a previous decision and which eschews a rigid per se rule in favor of a close examination of debtor's testimony.[8] Thus, where debtors did not even allege that the property was necessary to an effective reorganization, we granted relief. *In re Klutzaritz*, 46 B.R. 368, 370. In another case, the debtor testified that the only reason he filed bankruptcy was to save his home, but he did not meet his burden of proof because he offered "no evidence that keeping his home was essential to his plan either because adequate housing was unavailable or because his home was used in his job." *In re Roselli*, 10 B.R. 665, 667. We granted relief in *Roselli*. A close examination of debtor's motive testimony is critical because it

---

years into her fifteen (15) year mortgage and still owe approximately $88,000.00 to the first mortgage, which is approximately $25,000.00 short of paying McCormick's claim.

> gets to the heart of the term "necessary," a term that must be interpreted in light of the unique circumstances of each case.

Here, the Debtor's only objective claim that the Residence is "necessary" is that moving is expensive. However, that basis, in and of itself, is insufficient to show that the Residence is necessary for reorganization. In fact, the Residence is currently underwater and is of insufficient value to pay the claim of McCormick as proposed in the Debtor's Plan.

As such, the Debtor's Residence is not necessary for an effective reorganization and stay relief must be granted.

### 2. McCormick Is Not Adequately Protected.

The Debtor has argued that McCormick is adequately protected because, if not paid through the bankruptcy, will retain its debt and its lien. In addition, the Debtor argues that her payment of the first mortgage on the Residence creates additional equity for McCormick's Judgment lien to attach. However, these arguments miss the mark. As discussed in In re Dispirito, 371 B.R. 695 (Bankr.D.N.J. 2007), "courts have concluded that secured creditors are entitled to receive adequate protection payments pre-confirmation to protect them against the decline in value of their collateral."

Here, there is no dispute that McCormick's lien is not fully secured, that the Judgment is accruing interest at the lawful rate (currently 4.5%) and that the Debtor is not proposing to make any adequate protection payments to McCormick in order to protect the decline in the value of the Residence based upon accruing interest. As such, there can be no dispute that McCormick is not adequately protected.

For the reasons set forth above, McCormick 106, LLC submits that its Motion for Relief from the Automatic Stay must be granted.

Very truly yours,
DEMBO, BROWN & BURNS LLP

Kyle F. Eingorn

KFE/nv

cc: Eric J. Clayman, Esquire (via CM/ECF)
   Isabel Balboa, Esquire (via CM/ECF)
   Client (via email)