| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Jenkins & Clayman<br>412 White Horse Pike<br>Audubon, NJ 08106<br>856-546-9696<br><br>By: Eric J Clayman, Esq | Order Filed on September 15, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>    Sandra J. May,<br>        debtor | Case No.: 19-27812<br>Hearing Date: 09/07/2021<br>Chapter: 13<br>Judge: Jerrold N. Poslusny, Jr. |

**AMENDED ORDER AUTHORIZING
SALE OF REAL PROPERTY**

| Recommended Local Form: | ☐ Followed | ☒ Modified |
|---|---|---|

The relief set forth on the follow

**DATED: September 15, 2021**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as    590 Livezey Street, Philadelphia, Pennsylvania 19128    (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

> **Name of Professional**: James Chiodetti, Kershaw Real Estate
> Amount to be paid:    6% (which may be shared with the cooperating broker)
> Services Rendered:    Real Estate Agent

> **Name of Professional**: Jenkins and Clayman
> Amount to be paid:    $1,500 (to be held in Trust pending Court approval)
> Services Rendered:    Bankruptcy-related legal services

**OR**:  ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case. If non-exempt, these proceeds will increase the base to unsecured creditors.

6. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

7. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.